**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TYNDALE HOUSE MINISTRIES,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ALPHA INTERNATIONAL, ALPHA INTERNATIONAL USA, INC., and ALPHA INTERNTIONAL USA IP, LLC,<br><br>　　　　　　Defendants. | Case No. _____<br><br>Judge _____<br><br>**COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**<br><br>1. **Federal Trademark Infringement 15 U.S.C. § 1114(1)(a)**<br>2. **Federal Unfair Competition and False Designation of Origin 15 U.S.C. § 1125(a)(1)(A)**<br>3. **Trademark Dilution 15 U.S.C. § 1125(c)**<br>4. **Cybersquatting 15 U.S.C. § 1125(d)**<br>5. **Illinois Uniform Deceptive Trade Practices 815 ILCS § 510 *et seq*.**<br>6. **Illinois Common Law Trademark Infringement**<br>7. **Breach of Contract Including Breach of the Covenant of Good Faith and Fair Dealing**<br>8. **Unjust Enrichment** |

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND BREACH OF CONTRACT, UNFAIR COMPETITION, AND UNJUST ENRICHMENT

For its complaint against Defendants Alpha International ("Alpha UK"), Alpha International USA, Inc. ("Alpha USA"), and Alpha International USA IP, LLC ("Alpha IP USA") (Alpha UK, Alpha USA, and Alpha IP USA are each a "Defendant" and collectively, "Alpha" or "Defendants"), Plaintiff Tyndale House Ministries ("Plaintiff" or "Tyndale") alleges and states as follows:

## NATURE OF THE ACTION

1.    Nearly four decades ago, in 1985, Tyndale published *The One Year Bible*—a groundbreaking Bible organized into 365 daily readings, each including a short Bible excerpt from each of the Old Testament, New Testament, Psalms, and Proverbs.

2.    Three years later, in 1988, Tyndale registered the first of the ONE YEAR Marks (defined below), which now include incontestable federally registered trademarks for THE ONE YEAR (Reg. No. 3,045,697), THE ONE YEAR (Reg. No. 4,337,533), and EN UN AÑO (which, translated into English, means "IN A YEAR") (Reg. No. 4,297,669), and common law trademark rights associated with similar marks, including but not limited to ONE YEAR (collectively referred to herein as the "ONE YEAR Marks").

3.    Since 1985, Tyndale has continuously used its ONE YEAR Marks to market, promote, and offer **more than 250** standalone Bibles and Bible-related products, which have become distinctive to both the consuming public and of Plaintiff's trade. Indeed, the ONE YEAR brand is **#1 in units sold** among devotional Bible brands in the United States with **more than 29% market share,** and Tyndale has sold **more than 20 million** Bibles and Bible-related books and devotionals under the ONE YEAR Marks.

4.    In or around 2019, about **35 years** after Tyndale's first publication of *The One Year Bible*, Tyndale became aware that Alpha was distributing digital products in the United States, including a mobile app and website using the names *The Bible In One Year* and/or *Bible In One Year*. Alpha's Bible was organized like Tyndale's, with 365 daily readings, each with an excerpt from each of the Old Testament, New Testament, and either Psalms or Proverbs, as shown below in each party's description of their product, as well as in each party's first daily reading depicted below from the well-known YouVersion Bible App:

Tyndale's Description:

> • **Unique Design:** Each 15-minute daily reading includes a portion from the Old Testament, the New Testament, Psalms, and Proverbs. This arrangement of Scripture brings variety and a fresh approach to each day's reading, while providing a clearer understanding of the Bible's larger message.

Alpha's Description:

Each day includes passages from a Psalm or Proverb, the New Testament and the Old Testament along with a daily commentary from Nicky and Pippa Gumbel, leaders of **Holy Trinity Brompton (HTB)** Church in London and pioneers of **Alpha**. The Bible in One Year will encourage you to engage more closely with the Bible, to apply its teachings to everyday life and to grow in your relationship with Jesus.

| **Tyndale's First Daily Reading** | **Alpha's First Daily Reading** |
|---|---|



5.    Tyndale also learned around that time that Alpha had begun distributing BIBLE IN ONE YEAR print Bible products published by Hodder & Stoughton for the United Kingdom market (the "UK-published BIBLE IN ONE YEAR") into the United States via Amazon.

6.    Alpha's BIBLE IN ONE YEAR print products share the same color and style as certain of Tyndale's current or recent products sold under the ONE YEAR Marks, as shown below:

| Tyndale Bible Products | Alpha Bible Products |
|---|---|
|  | |

| Tyndale Journal Bible | Alpha Journal Bible |
|---|---|
|  | |

7.      When Tyndale learned of Alpha's BIBLE IN ONE YEAR products and that Alpha was attempting to negotiate with one of Tyndale's main competitors, Zondervan, a division of HarperCollins Christian Publishing, for Zondervan to distribute Alpha's print devotional Bible in the United States, Tyndale intervened based on its legal rights in the ONE YEAR Marks, and Zondervan agreed not to publish Alpha's *Bible In One Year* under that name, instead committing to offer Alpha alternative publishing options to consider.

8.      Thereafter, on September 30, 2019, Alpha UK conceded the matter by entering into a license from Tyndale titled "Publishing License Agreement: Contract F26887" (the "2019 License Agreement") to continue publishing, with Tyndale's permission, its devotional Bible app and website under the BIBLE IN ONE YEAR Marks (defined below).  Tyndale extended Alpha this license for a significantly-below-market license fee structure in light of the two organizations' common mission (promoting the Bible).

9.      The 2019 License Agreement granted Alpha UK a license to use BIBLE IN ONE YEAR *solely in connection with Alpha's mobile app and website*, and Alpha UK agreed in the 2019 License Agreement not to "use the One Year® mark in print products or eBook editions of print products" or for any other use.

10.     However, Tyndale later learned that Alpha continued distributing the UK-published BIBLE IN ONE YEAR into the United States via Amazon and/or by other means of distribution. In fact, within 18 months after agreeing to limit its use of BIBLE IN ONE YEAR to Alpha's own app and website, Alpha began distributing its BIBLE IN ONE YEAR product via a well-known third-party (YouVersion) Bible app.

11.     On January 11, 2022, after learning of such distribution, and surprised by Alpha's actions, Tyndale sent a cease-and-desist communication to that third party and forwarded it to Alpha.

12.     Alpha and Tyndale then attempted to negotiate an amicable resolution to the matter, including exchanging and negotiating proposed terms by which Tyndale might be willing to publish Alpha's BIBLE IN ONE YEAR print Bible in the United States as part of its ONE YEAR brand.

13.     Alpha engaged in these negotiations for approximately 6 months, until September 28, 2022, when it suddenly and unexpectedly filed four applications for registration of BIBLE IN ONE YEAR with the United States Patent and Trademark Office, including in Classes 9 and 16 for electronic and print publications, in violation of its 2019 License Agreement with Tyndale.  In effect, rather than abide by Tyndale's trademark or its past license agreement, Alpha chose to bypass Tyndale and attempt to wrest control of the trademark through the U.S. Patent and Trademark Office.

14.     Yet again, Tyndale sent Alpha a cease-and-desist letter, as well as two subsequent lengthy written communications detailing its legal rights while continually offering to find an amicable resolution to the matter.  Alpha refused Tyndale's overtures or to *even agree to meet* to discuss the matter further, leaving Tyndale no choice but to initiate this action.

15.     Accordingly, Tyndale brings this action for trademark infringement, unfair competition and false designation of origin, trademark dilution, cybersquatting, unfair competition under the Illinois Deceptive Trade Practices Act, and other Illinois common law trademark infringement claims related to Defendants' use of Tyndale's ONE YEAR Marks or marks confusingly similar to the same, in connection with distribution of Alpha's very similar products

sold under BIBLE IN ONE YEAR, THE BIBLE IN ONE YEAR, and LA BIBLIA EN UN AÑO (collectively, hereinafter, "BIBLE IN ONE YEAR Marks"). In addition, Alpha UK breached the 2019 License Agreement it entered with Tyndale, thus giving rise to the breach of contract and/or unjust enrichment claims also brought in this action.

16.     Tyndale seeks permanent injunctive relief and an award of actual damages, lost profits, and other remedies, for Defendants' unlawful and willful conduct.

## **PARTIES**

17.     Plaintiff Tyndale House Ministries is an Illinois not-for-profit corporation with a business address at 351 Executive Drive, Carol Stream, Illinois 60188, does business through its "Tyndale House Publishers" assumed name registered in Illinois, and is owner of all rights, including all trademark and other intellectual property and contract rights in and related to the ONE YEAR Marks previously owned and/or registered by Tyndale House Publishers, Inc., which merged into Plaintiff.

18.     On information and belief, Defendant Alpha International is a U.K. registered Charity and Company Limited by Guarantee with its principal place of business at Holy Trinity Brompton, Brompton Road, London, SW7 1JA, United Kingdom.

19.     On information and belief, Defendant Alpha International USA, Inc. is a Georgia nonprofit corporation with its principal place of business in Carol Stream, Illinois and/or Naperville, Illinois, and is either controlled or operated by or in partnership with Alpha UK in furtherance of Alpha's UK operations in the United States.

20.     On information and belief, Defendant Alpha International IP USA, LLC is a Georgia limited liability company with its principal place of business in Carol Stream, Illinois and/or Naperville, Illinois, and is either controlled or operated by or in partnership with Alpha UK in furtherance of Alpha's UK operations in the United States.

## JURISDICTION AND VENUE

21.　　This action arises and is brought under the Trademark Act of 1946, commonly known as the Lanham Act, 15 U.S.C. § 1051, *et seq.*, the Illinois Deceptive Trade Practices Act, and Illinois common law.

22.　　This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, 1367, and 15 U.S.C. § 1121.

23.　　This Court has personal jurisdiction over Defendants because they purposefully conduct business in the State of Illinois, and within this district, including providing availability for the purchase, download, and/or use of their goods and services sold under an infringing trademark over the Internet to Illinois consumers and businesses and directly targeting Illinois consumers through their websites (including but not limited to Defendants' Website defined below).  In addition, Defendants Alpha USA and Alpha IP USA maintain their principal places of business within the United States in Carol Stream, Illinois or Naperville, Illinois.  Their Principal Office Address is registered with the Georgia Secretary of State as Post Office Box 7491, Carol Stream, IL, 60197-7491, USA.

24.　　Venue is proper in this district under 28 U.S.C. § 1391, as all Defendants may be found or transact business in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district. Defendants' use of ONE YEAR is infringing Plaintiff's ONE YEAR Marks and is causing harm in this state and district, and Defendants are subject to personal jurisdiction herein.

## FACTUAL ALLEGATIONS AND BACKGROUND

### Tyndale Background

25.　　The life passion of Tyndale's founder Dr. Kenneth N. Taylor was making the Bible accessible for all people.  Dr. Taylor paraphrased portions of the Bible into every-day, easy-to-

understand English for his ten children out of a concern that they were having a hard time understand the King James Version of the Bible. This work was first known as *Living Letters*.

26.     Dr. Taylor founded Tyndale in 1962 to publish his *Living Letters*, which became *The Living Bible®*—the entire Bible paraphrased in the same style—first published in 1971.

27.     To continue and expand on the legacy of *The Living Bible*, Tyndale launched a *New Living Translation* ("NLT Translation") of the Bible in 1996. More than 100 million copies of the NLT Translation of the Bible and *The Living Bible* combined have been sold, and the NLT Translation has consistently been a top #5 Bible translation worldwide.

28.     In 1963, Dr. Taylor and his wife, Margaret, started Tyndale House Foundation so they could give away the royalty money from the rapidly-growing sales of the *Living Letters*, and in 2001, Dr. Taylor and his wife transferred ownership of Tyndale House Publishers, Inc. to the foundation, adding millions of dollars in annual dividend payments toward its philanthropy.

29.     Since 1963, Tyndale has distributed over $110 million (at least $234 million in today's dollars) through grants and program spending to support various spiritual and humanitarian efforts in the Chicago Metropolitan area and around the world, including in the areas of education, literature, compassion, discipleship, and training.

30.     In 2019, Tyndale House Publishers, Inc. and Tyndale House Foundation both merged into a separate organization, Tyndale House Ministries, and operate today as sister divisions of the same. As part of the merger, all Tyndale House Publishers, Inc.'s intellectual property, contract, and other rights, including trademark rights, in and to the ONE YEAR Marks were succeeded to and are now owned by Tyndale House Ministries.

31.     Tyndale House Ministries' purpose remains firmly committed to the legacy of Bible literacy and radical generosity passed down by its founder.

**Tyndale's ONE YEAR Bible Continued Its Legacy of Increasing Bible Literacy**

32.     Dr. Taylor's innovation to increase Bible literacy did not stop with *The Living Bible* or NLT Translation of the Bible.  In the mid-1980s, out of a desire to see people read the ***whole Bible***, Dr. Taylor approached his leadership team at Tyndale with an idea for a printed Bible divided into 365 daily readings to help Christians read the entire Bible in a single year.

33.     Dr. Taylor was ahead of his time.  The Tyndale leadership team initially voted down the idea, expressing concern that Christians would not want a Bible organized in daily readings. Dr. Taylor asked for further consideration from a group of managers of large Christian bookstores. They too rejected the idea, expressing that nothing like it had ever been published and that it would not resonate with their consumers.

34.     Despite these objections, Dr. Taylor insisted on proceeding, and *The One Year Bible* was first published by Tyndale on or about September 16, 1985.

35.     A hallmark of *The One Year Bible* was that it was not merely a Bible broken into 365 sequential readings.  Rather, each daily reading contains a unique design, as described on the back cover of the current edition of the same pictured below:

> • **Unique Design:** Each 15-minute daily reading includes a portion from the Old Testament, the New Testament, Psalms, and Proverbs. This arrangement of Scripture brings variety and a fresh approach to each day's reading, while providing a clearer understanding of the Bible's larger message.

36.     Dr. Taylor's groundbreaking idea for *The One Year Bible* resonated with Christian audiences around the world.  Tyndale's first run of 10,000 copies sold out almost immediately, with customers reporting that they had tried many times before to read the entire Bible but failed until they started reading *The One Year Bible*.

37.     Since then, Tyndale has sold many millions of copies of *The One Year Bible*, helping readers grow in their knowledge and understanding of the Bible.

**Strength of Tyndale's ONE YEAR Marks**

38.     Tyndale's sale, marketing, promotion, and distribution of goods under the ONE YEAR Marks date back to at least September 16, 1985, the priority date of Tyndale's ONE YEAR and THE ONE YEAR trademarks.

39.     Beginning in 1988, Tyndale registered the first of the ONE YEAR Marks.  Attached as **<u>Exhibit A</u>** is a detailed listing and compilation of Tyndale's current ONE YEAR Marks.

40.     The goods sold under Tyndale's ONE YEAR Marks are some of Tyndale's most popular and best-selling.

41.     To date, series of publications, namely Bibles, devotional Bible studies, and Bible-related books bearing the ONE YEAR Marks have sold more than 20 million copies worldwide.

42.     Bibles published under the ONE YEAR Marks have also been translated into Spanish, for which Tyndale owns a separate EN UN AÑO mark.

43.     The Christian book and Bible industry has recognized the power of the ONE YEAR brand and the strength of the ONE YEAR Marks.  Over the years, looking to benefit from the reach and strength of the same, the publishers of the other major translations of the Bible—the New International Version (published by Zondervan, now a division of HarperCollins Christian Publishing), the English Standard Version (published by Crossway), and the New King James Version (published by Thomas Nelson, now another division of HarperCollins Christian Publishing)—all expressed interest in publishing a version of their translation of the Bible under the ONE YEAR Marks.  To steward the ONE YEAR brand and ensure it continues to meet the high levels of quality Tyndale's readers have come to expect, however, Tyndale obtained licenses in those other translations to *itself* publish the ONE YEAR Bible in each such translation.  Such industry-wide alignment behind the brand of another publisher is rare within the industry, thus further demonstrating the strength of the ONE YEAR Marks.

44.     Tyndale has to date published more than 70 Bibles and more than 250 Bible-related products under the ONE YEAR Marks.

45.     According to Bookscan (a data provider for the book publishing industry), within the 2022 calendar year, the ONE YEAR brand was #1 in units sold, with more than 29% market share, among all devotional Bible brands.  Further, sales of Bibles under Tyndale's ONE YEAR Marks occupy 4 of the top 5 (and 15 of the top 40) devotional Bibles by annual sales.

46.     Similarly, the Evangelical Christian Publishers Association or ECPA, the leading association of Evangelical Christian publishers, has provided Bibles sold under the ONE YEAR Marks the following acclaim in recent years:

- In 2023, *The One Year Chronological Study Bible (NLT)* was awarded as an ECPA Christian Book Award® Finalist in the Bible category.  This award has been presented annually since 1978 "to the finest in Christian publishing."

- *The One Year Bible* was considered Platinum level seller in 2022, meaning that more than 1 Million units were sold.

- The covers of the ONE YEAR Bible were recently awarded 2022 Top Shelf Book Cover Awards.

47.     Tyndale has expended substantial time, money, and resources marketing, advertising, and promoting its goods and services sold under the ONE YEAR Marks. Tyndale has advertised its goods and services on local, national, and international media outlets. In addition, Tyndale has advertised and promoted its goods and services sold under the ONE YEAR Marks through a wide variety of advertising outlets, including but not limited to Google Ads, Amazon Advertising, Facebook, Instagram, and numerous other national publications.

48.     The ONE YEAR Marks and the goods and services offered thereunder have also received substantial unsolicited coverage in various media and industry outlets, including Publishers Weekly, Vanity Fair, Christianity Today, the ECPA, The Baptist Press, and the American Family Association.

49.     Tyndale offers and sells its goods and services under the ONE YEAR Marks to all ages and genders seeking to study the Bible or grow in their understanding of the biblical principles and values.  Representative examples of Tyndale's current or recent goods and services offered and sold under the ONE YEAR Marks are pictured above, and further examples are listed below:

        a.   The ONE YEAR Bible (New Living Translation);

        b.   The ONE YEAR Bible (New International Version);

        c.   The ONE YEAR Bible (English Standard Version);

        d.   The ONE YEAR Bible (New King James Version);

        e.   The ONE YEAR Bible (King James Version);

        f.   THE ONE YEAR Bible Reflections;

        g.   The ONE YEAR Bible for Women;

        h.   The ONE YEAR Bible for Men;

        i.   The ONE YEAR Pray for America Bible;

        j.   The ONE YEAR Devotions for Couples;

        k.   THE ONE YEAR Praying through the Bible for Your Kids;

        l.   THE ONE YEAR Pray for the Persecuted Bible;

        m.   The ONE YEAR Chronological Study Bible;

        n.   THE ONE YEAR Shine Your Light Devotional;

        o.   THE ONE YEAR Devotions for Preschoolers;

> p.   ONE YEAR of Dinner Table Devotions;
>
> q.   La Biblia EN UN AÑO;
>
> r.   ONE-YEAR Bible Reading Plan; and
>
> s.   More than 200 other Bibles and Bible-related books and content
> featuring THE ONE YEAR or ONE YEAR.

50.    Third parties recognizing the value of the ONE YEAR brand and goodwill associated therewith have requested to license the ONE YEAR Marks from Tyndale in connection with Bible and Bible-related goods and services.  In several cases, as discussed above, Tyndale has responded to such requests by instead taking licenses in other Bible translations to itself publish the ONE YEAR Bible in such translations, thereby shepherding and ensuring the quality of the same.  In limited cases, Tyndale has granted such license requests when they complement and/or extend the ONE YEAR brand and if and when Tyndale determines that the reputation and expertise of the licensee will uphold Tyndale's quality and content standards for the ONE YEAR brand. Examples of such licenses include other translations of the Bible using the ONE YEAR Marks, a version of the ONE YEAR Bible in electronic format, a ONE YEAR Art Journaling Bible, and a ONE YEAR Chronological Art Journaling Bible.

51.    As a result of Tyndale's considerable expenditures and efforts, the ONE YEAR Marks have come to signify the high quality and value of the goods and services designated by the ONE YEAR Marks, and acquired incalculable fame, distinction, reputation, and goodwill belonging exclusively to Tyndale, particularly in the Christian publishing and Bible publishing industries.

**Tyndale Discovers Alpha's Infringement of the ONE YEAR Marks**

52.    In or around 2019, about 35 years after Tyndale's first publication of goods bearing its ONE YEAR Marks and more than 30 years after Tyndale's first registration of one of the ONE

YEAR marks, Tyndale became aware that Alpha was distributing digital products in the United States, including a mobile app and website, using the names *The Bible In One Year* and/or *Bible In One Year*, and was attempting to find a Christian publisher to distribute a print devotional Bible under the same brand in the United States.

53.    Alpha's Bible was even organized like Tyndale's, with 365 daily readings, each with a Bible excerpt from each of the Old Testament, New Testament, and either Psalms or Proverbs, as shown below in Tyndale's and Alpha's descriptions of each of their respective Bible products.

Tyndale's Description:

• **Unique Design:** Each 15-minute daily reading includes a portion from the Old Testament, the New Testament, Psalms, and Proverbs. This arrangement of Scripture brings variety and a fresh approach to each day's reading, while providing a clearer understanding of the Bible's larger message.

Alpha's Description:

Each day includes passages from a Psalm or Proverb, the New Testament and the Old Testament along with a daily commentary from Nicky and Pippa Gumbel, leaders of <u>Holy Trinity Brompton (HTB)</u> Church in London and pioneers of <u>Alpha</u>. The Bible in One Year will encourage you to engage more closely with the Bible, to apply its teachings to everyday life and to grow in your relationship with Jesus.

54.    When Tyndale learned of Alpha's efforts to publish with Zondervan, a division of HarperCollins Christian Publishing and one of Tyndale's main competitors, it intervened, explaining to Zondervan's Publisher that publication of a BIBLE IN ONE YEAR "would create confusion with [Tyndale's] *One Year Bible*."    Zondervan ultimately agreed, stating it "underst[ood] that there is nothing [Zondervan] could offer [Tyndale] on the Bible side to make this use of One Year in a title phrased as *NIV Bible in One Year* become viable."  Thus, Zondervan

15

declined to publish Alpha's printed Bible under the BIBLE IN ONE YEAR name but committed to "offer some alternatives for [Alpha] to consider."

**Alpha Concedes Likelihood of Confusion by Entering 2019 License Agreement for Use of ONE YEAR Marks to Distribute BIBLE IN ONE YEAR Products**

55.     Thereafter, on September 30, 2019, Alpha UK further conceded Tyndale's rights by entering a non-exclusive license from Tyndale (the 2019 License Agreement) to continue publishing its devotional Bible app and website under the BIBLE IN ONE YEAR Marks.

56.     In doing so, Alpha represented that its aims were purely missional and not to compete with Tyndale's ONE YEAR brand.

57.     Tyndale extended Alpha the 2019 License Agreement for a significantly-below-market license fee structure in light of the two organizations' common mission (promoting the Bible).

58.     The 2019 License Agreement granted Alpha UK a license to use BIBLE IN ONE YEAR *solely in connection with Alpha's mobile app and website*, and Alpha UK agreed in the 2019 License Agreement not to "use the One Year® mark in print products or eBook editions of print products" or for any other use.

59.     The 2019 License Agreement is attached as **<u>Exhibit B</u>** and includes the following terms, in relevant part:

- **Section I.1:** "This grant does not include permission to use the One Year® mark in print products or eBook editions of print products."

- **Section I.2:**

> LICENSEE [Alpha UK] shall use the One Year® mark in the same way it is currently being used with the *Bible in One Year* App icon to minimize confusion with Tyndale products. LICENSEE [Alpha UK] will use the One Year® mark on the *Bible in One Year* website as it is currently being used.

16

Exemplars of the App and Website use are provided in Attachment A. ***No other use [] of the One Year® mark is permitted.***

(Emphasis added).

- **Section II.1:** Required payment of license fee payments ($1,000 up-front license fee upon signing the 2019 License Agreement and $500 annually thereafter during the term).

- **Section III. Protection of the One Year® mark:**

  LICENSEE [Alpha UK] shall in no way do or take any action, which may jeopardize the value of TYNDALE's One Year® mark. LICENSEE [Alpha UK] shall give notice in the LICENSEE (Alpha UK)'s mobile App and on the LICENSEE (Alpha UK)'s website, that the One Year® mark is used by permission of TYNDALE. The notice shall read as follows:

  ***The One Year® is a registered trademark of Tyndale House Publishers used by permission.***

  (Emphasis in original).

60.    Thereafter, Alpha made several payments to Tyndale as required under the 2019 License Agreement without issue or dispute, including the initial payment of $1,000, which was paid by Alpha on October 17, 2019, a $500 annual renewal payment on August 18, 2020, and a second $500 annual renewal payment on December 17, 2021.

**Alpha Breaches 2019 License Agreement and Tyndale's Cease-and-Desist Efforts**

61.    Despite Tyndale's good faith efforts, it later became apparent that Alpha did not intend to abide by the license agreement or respect Tyndale's trademark rights.

62.    First, Tyndale later learned that Alpha continued or resumed distributing its UK-published BIBLE IN ONE YEAR into the United States via Amazon and/or by other means of distribution and that it did not provide the credit/acknowledgement statement required by Section III of the 2019 License Agreement on its app and website, all in breach of the 2019 License Agreement.

63. Then, within 18 months after agreeing to limit its use of BIBLE IN ONE YEAR to its app and website, and as otherwise prohibited by the 2019 License Agreement, Alpha began distributing its BIBLE IN ONE YEAR product via a well-known third-party Bible app, (YouVersion) in violation of the 2019 License Agreement.

64. Shortly after learning of this breach, on January 11, 2022, Tyndale sent a cease-and-desist communication to that third party Bible app publisher and then forwarded it to Alpha. This cease-and-desist communication led Alpha and Tyndale to further correspondence in a mutual attempt to negotiate an amicable resolution to the matter, including exchanging and negotiating proposed terms by which Tyndale might be willing to publish Alpha's BIBLE IN ONE YEAR print Bible. Throughout this negotiation, Tyndale maintained that it would steward and coordinate the ONE YEAR-formative marks, including by registering the BIBLE IN ONE YEAR Marks, to ensure product quality, minimize marketplace confusion, and coordinate the overall ONE YEAR brand strategy. Tyndale also stated that it would seek "to include the additional registration of The Bible in One Year in the United States" to further expand and "emphasize" its trademark rights.

65. Alpha engaged in these negotiations for approximately 6 months until September 28, 2022, when it suddenly and unexpectedly filed four applications for registration of BIBLE IN ONE YEAR with the United States Patent and Trademark Office—including in Classes 9 and 16 for electronic and print publications—in violation of its 2019 License Agreement with Tyndale.

66. Upon learning of the foregoing, Tyndale yet again worked to resolve the dispute amicably, sending a cease-and-desist letter and two subsequent lengthy written communications detailing Tyndale's contract, trademark, and other rights but persisting in offering to explore an amicable resolution, including requesting a meeting of the executive leaders of Tyndale and Alpha as recently as last month to explore amicable resolution. However, Alpha refused.

67. Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
### Federal Trademark Infringement 15 U.S.C. § 1114(1)(a) – ONE YEAR, THE ONE YEAR, EN UN AÑO

68. Plaintiff repeats and realleges paragraphs 1 through 67 above, as if fully set forth herein.

69. As further detailed above, Tyndale owns all rights, title, and interest in and to the ONE YEAR Marks, including but not limited to the incontestable federally registered trademarks for THE ONE YEAR and EN UN AÑO and all common law rights in the marks that have existed since Plaintiff's first use of the ONE YEAR, THE ONE YEAR, and the EN UN AÑO marks in 1985.

70. On September 28, 2022, Alpha UK filed the "BIBLE IN ONE YEAR Applications" defined and further detailed in **Exhibit C** attached hereto. On information and belief, although the BIBLE IN ONE YEAR Applications were filed by Alpha UK, all Defendants use, agree to use, and/or benefit from use of the infringing BIBLE IN ONE YEAR Marks.

71. Recently, on September 7, 2023, a United States Patent and Trademark Office trademark examining attorney determined with respect to all four Alpha BIBLE IN ONE YEAR Applications (in each of Classes 9, 16, 41, and 45) that the BIBLE IN ONE YEAR trademark is confusingly similar to Tyndale's ONE YEAR Marks, citing Tyndale's trademarks for THE ONE YEAR (Reg. No. 3,045,697), THE ONE YEAR (Reg. No. 4,337,533), and EN UN AÑO (which, translated into English, means "IN A YEAR") (Reg. No. 4,297,669). The examiner stated it will be "issuing a Section 2(d) Refusal [for likelihood of confusion] with [the foregoing registered Tyndale ONE YEAR Marks] upon removal from Suspension" on other grounds.

72.     On information and belief, the goods and services Defendants provide or seek to provide under the infringing BIBLE IN ONE YEAR Marks include: (i) publishing Bibles and Bible-related books, devotionals, and other similar publications in print and electronic format, as well as Bible-related eBooks, audiobooks, oral presentations, illustrations, and other related materials; (ii) providing Bible-related evangelistic and ministerial services in the fields of spirituality and religion.

73.     On information and belief, Defendants' goods and services are highly similar and directly compete with the goods and services sold by Plaintiff under its ONE YEAR Marks.  For example, both are based on a similar structure identified above.  Evidence of Defendants' use of the infringing BIBLE IN ONE YEAR Marks is depicted above and in **Exhibit D** (discussed below).

74.     In addition to the nearly identical name, the color and style of Defendants' goods and services sold and/or distributed under the BIBLE IN ONE YEAR Marks overlap with the color and style of certain of Tyndale's current or recent products sold and distributed under the ONE YEAR Marks, contributing to the likelihood of confusion, as shown above.

75.     Defendants distribute and sell their goods and services under the infringing BIBLE IN ONE YEAR Marks to the same types of consumers and through the same or similar channels of distribution, marketing, and trade as Tyndale, including but not limited to direct sales to many of the same churches for resale to their church members and attendees, direct-to-consumer sales channels like Amazon, and online and social media trade channels.

76.     Defendants' infringing BIBLE IN ONE YEAR Marks are highly similar to Plaintiff's ONE YEAR Marks, as the two are highly similar in sight, sound, appearance, and meaning.  Both contain the dominant element "ONE YEAR".

77.     Plaintiff has already identified evidence of actual confusion between the BIBLE IN ONE YEAR Marks and ONE YEAR Marks, which is attached as **Exhibit E** (in particular, note the Amazon user "A. Caldwell" who took a side-by-side photograph and compared what he/she calls "[m]y old bible in one year" [Tyndale's ONE YEAR Bible] and his/her new "bible in one year" [Alpha's BIBLE IN ONE YEAR]).

78.     Defendants' infringing acts are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source of origin of Defendants' goods and services and have and are likely to deceive the relevant consuming public into mistakenly believing that Defendants' goods and services originate from, are associated or affiliated with, or are otherwise authorized by Plaintiff.

79.     Defendants' unauthorized use in commerce of the infringing BIBLE IN ONE YEAR Marks began long after (nearly 35 years) Plaintiff first used the ONE YEAR Marks to identify its goods, and is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods.  Defendants' use of the infringing BIBLE IN ONE YEAR Marks is also likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.  Defendants' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

80.     Defendants' infringing acts as alleged herein have resulted in actual confusion in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

81.     Defendants have refused to cease using the infringing BIBLE IN ONE YEAR Marks despite Plaintiff's request that it do so and Defendants' own prior admissions by their statements and/or conduct regarding the likelihood of confusion between the ONE YEAR Marks

and the BIBLE IN ONE YEAR Marks. Defendants are and have been on notice of their infringing actions that therefore constitute knowing, deliberate, and willful infringement of the ONE YEAR Marks, and make this an exceptional case under 15 U.S.C. § 1117(a).

82. As a result of Defendants' knowing, deliberate, and willful infringement of the ONE YEAR Marks, Plaintiff has been irreparably harmed. Plaintiff has no adequate remedy at law.

83. Plaintiff is entitled to, *inter alia*, injunctive relief, and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorney's fees, and costs of this action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**SECOND CLAIM FOR RELIEF**
**Federal Unfair Competition and False Designation of Origin 15 U.S.C. § 1125(a)(1)(A) –**
**ONE YEAR, THE ONE YEAR, EN UN AÑO**

84. Plaintiff repeats and realleges paragraphs 1 through 83 hereof, as if fully set forth herein.

85. Plaintiff owns all right, title, and interest in and to the ONE YEAR Marks, including but not limited to all common law rights in the marks that have existed since Plaintiff's first use of the ONE YEAR, THE ONE YEAR, and the EN UN AÑO marks in 1985.

86. Defendants' unauthorized use in commerce of the infringing BIBLE IN ONE YEAR Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

87. Defendants are substantially encroaching on Plaintiff's business as Defendants' goods and services sold under the infringing BIBLE IN ONE YEAR Marks directly compete with Plaintiff's goods and services sold under the ONE YEAR Marks.

88. Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

89. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

90. Defendants' use of the infringing BIBLE IN ONE YEAR Marks is trading off of the goodwill accumulated by Plaintiff's ONE YEAR Marks, and is causing confusion and deception in the marketplace, and is diverting potential sales of Plaintiff's goods and services to Defendants.

91. Defendants have refused to cease using the infringing BIBLE IN ONE YEAR Marks despite Plaintiff's request that it do so. Defendants are on notice of their infringing actions that therefore constitute knowing, deliberate, and willful infringement of the ONE YEAR Marks, and make this an exceptional case under 15 U.S.C. § 1117(a).

92. Plaintiff is entitled to, *inter alia*, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorney's fees, and costs of the action under Section 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
### Trademark Dilution 15 U.S.C. § 1125(c) – ONE YEAR, THE ONE YEAR, EN UN AÑO

93. Plaintiff repeats and realleges paragraphs 1 through 83 hereof, as if fully set forth herein.

23

94.     Plaintiff owns all rights, title, and interest in and to the ONE YEAR Marks, including but not limited to the incontestable federally registered trademarks for THE ONE YEAR and EN UN AÑO and all common law rights in the marks that have existed since Plaintiff's first use of the ONE YEAR, THE ONE YEAR, and the EN UN AÑO marks in 1985.

95.     This Claim is based on trademark dilution in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(c).

96.     Plaintiff's ONE YEAR Marks are distinctive and famous marks within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

97.     Plaintiff's ONE YEAR Marks became distinctive and famous prior to the Defendants' acts as alleged herein.

98.     Defendants' acts as alleged herein have diluted and will, unless enjoined, continue to dilute, and are likely to dilute the distinctive quality of Plaintiff's ONE YEAR Marks.

99.     Defendants' acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish Plaintiff's ONE YEAR Marks by undermining and damaging the valuable goodwill associated therewith.

100.    Defendants' acts as alleged herein are intentional and willful in violation of Section 43(c)(1) of the Lanham Act, and have already caused Plaintiff irreparable damage and will, unless enjoined, continue to so damage Plaintiff, which has no adequate remedy at law.

101.    Plaintiff is entitled to, among other relief, an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgement interest.

**FOURTH CLAIM FOR RELIEF**
**Cybersquatting 15 U.S.C. § 1125(d) – ONE YEAR, THE ONE YEAR, EN UN AÑO**

102.    Plaintiff repeats and realleges paragraphs 1 through 83 hereof, as if fully set forth herein.

103.    Plaintiff owns all rights in and to the ONE YEAR Marks, which are strong and distinctive, and were strong and distinctive as of the date that Defendants registered the Domain Name.

104.    On information and belief, on or about April 13, 2011, Alpha, through a related or controlled party, The Parochial Church Council of the Ecclesiastical Parish of Holy Trinity with Saint Paul Onslow Square and Saint Augustine South Kensington ("Parochial"), registered a domain name for <bibleinoneyear.org> (the "Domain Name") with the registrar CloudFlare, Inc. Parochial is currently the registrant of the Domain Name, but the website posted at the Domain Name states that it is offered by Alpha UK, which provides Bible-related goods and services via the Domain Name.  Attached hereto as **Exhibit F** is a true and correct copy of the WHOIS record for the Domain Name as of March 19, 2023.

105.    The Domain Name incorporates the infringing BIBLE IN ONE YEAR Marks and Plaintiff's ONE YEAR Marks.

106.    On information and belief, all Defendants use the Domain Name and/or knowingly agreed to another Defendant's use of the Domain Name and all Defendants benefit from such use.

107.    The Domain Name is identical or at very least confusingly similar to the ONE YEAR Marks, which were distinctive when Alpha, through Parochial, registered the Domain Name and when Defendants began use of the Domain Name.

108.    On information and belief, Defendants were aware of Plaintiff's rights in the ONE YEAR Marks when they selected and registered the Domain Name, and knowingly and intentionally registered the Domain Name because of its similarity to the ONE YEAR Marks.

109.    On information and belief, Defendants have no legitimate rights in or to any trademark or name that is similar to the Domain Name and is not legitimately known by any name that is similar to the Domain Name.

110.    Without Plaintiff's authorization and beginning after Plaintiff acquired protectable exclusive rights in the ONE YEAR Marks, Defendants posted a live website at the Domain Name ("Defendants' Website").  Defendants' Website remains active as of the filing of this complaint.

111.    Defendants' Website consists of, among other things, Bible and Bible-related goods and services, most notably including Alpha's flagship *Bible in One Year* styled after Tyndale's *The One Year Bible*.  Defendants' Website further solicits donations under the infringing BIBLE IN ONE YEAR Marks.  Attached as **Exhibit D** are true and correct screenshots of Defendants' Website as of the date of this filing.

112.    In summary, Alpha, through Parochial, registered and all Defendants use or benefit from the Domain Name with an intent to profit from its confusing similarity to Plaintiff's ONE YEAR Marks.  Among other things, on information and belief:

> a.  Alpha, through Parochial, registered and all Defendants used and/or benefitted from use of the Domain Name despite knowing that Defendants had no rights in any name or mark and was not known by any name that was referenced or reflected in the Domain Name;
>
> b.  Defendants made no bona fide, non-infringing, commercial use or fair noncommercial use of the Domain Name; and

c.   Defendants intended to divert consumers and donors looking for Plaintiff's services online to Defendants' Website by exploiting the confusing similarity of the Domain Name and the ONE YEAR Marks for Defendants' commercial gain.

113.   Defendants' conduct is directly and proximately causing substantial, immediate, and irreparable harm and injury to Plaintiff, and to its goodwill and reputation and will continue to damage Plaintiff unless enjoined by this court.  Plaintiff has no adequate remedy at law.

114.   Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116 and 1125(d)(1)(C), including, among other injunctive relief, cancellation of the registration of the Domain Name.

115.   Plaintiff is further entitled to recover its damages and Defendants' profits, enhanced as the court deems appropriate and equitable, in amounts to be proven at trial, pursuant to 15 U.S.C. § 1117(a).  Alternatively, Plaintiff is entitled to maximum statutory damages for $100,000 for the Domain Name pursuant to 15 U.S.C. § 1117(d) from each of the Defendants.

116.   Plaintiff is further entitled to recover its attorneys' fees and costs, together with prejudgment and post-judgment interest.

**FIFTH CLAIM FOR RELIEF**
**Illinois Uniform Deceptive Trade Practices 815 ILCS § 510 *et seq*.**

117.   Plaintiff repeats and realleges paragraphs 1 through 83 hereof, as if fully set forth herein.

118.   Plaintiff owns all rights, title, and interest in and to the Plaintiff's ONE YEAR Marks, including but not limited to all common law rights in such marks due to Plaintiff's first use of the ONE YEAR Marks in the State of Illinois.

119.    Plaintiff has used and is currently using the ONE YEAR Marks to identify its goods and services to distinguish them from the goods and services of others.

120.    Defendants' unauthorized use of marks confusingly similar to the ONE YEAR Marks demonstrates Defendants' willful or intentional intent to pass off its goods as those of the Plaintiff's in violation of 815 ILCS § 510/2 (a)(1).

121.    Defendants' unauthorized use of marks confusingly similar to the ONE YEAR Marks for its goods is likely to cause confusion, mistake, or deception as to the source, affiliation, connection, or association of Defendants' goods with Plaintiff, or as to the sponsorship, approval, or affiliation of Defendants with Plaintiff, in addition to engaging in other conduct that similarly creates a likelihood of confusion or misunderstanding in violation of 815 ILCS § 510/2 (a)(2), (a)(3), (a)(12).

122.    Defendants adopted and used marks confusingly similar to the ONE YEAR Marks with actual or constructive notice or knowledge of Plaintiff's superior exclusive rights in the ONE YEAR Marks.

123.    Such conduct by Defendants' constitute unfair competition and deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510 *et seq.*)

124.    Defendants have refused to cease the confusingly similar and infringing use of the ONE YEAR Marks despite Plaintiff's request that it does so. Defendants' actions therefore constitute knowing, deliberate, and willful infringement of Plaintiff's the ONE YEAR Marks and make this an exceptional case under 815 ILCS § 510/3.

125.    As a result of Defendants' knowing, deliberate, and willful infringement of marks confusingly similar to Plaintiff's the ONE YEAR Marks, Plaintiff has been irreparably harmed. Plaintiff has no adequate remedy at law.

126.    Defendants will continue such infringement unless enjoined by this Court.

127.    Plaintiff is entitled to, among other relief, an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510/1 *et seq*.), together with prejudgment and post-judgement interest.

## SIXTH CLAIM FOR RELIEF
### Illinois Common Law Trademark Infringement

128.    Plaintiff repeats and realleges paragraphs 1 through 83 hereof, as if fully set forth herein.

129.    Defendants' unauthorized use in commerce of the infringing BIBLE IN ONE YEAR Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

130.    Defendants' acts constitute trademark infringement in violation of Illinois common law.

131.    Defendants will continue such infringement unless enjoined by this Court.

## SEVENTH CLAIM FOR RELIEF
### Breach of Contract Including Breach of the Covenant of Good Faith and Fair Dealing
### (Alpha UK)

132.    Plaintiff repeats and realleges paragraphs 1 through 83 hereof, as if fully set forth herein.

133.    The 2019 License Agreement is a valid, binding contract, supported by adequate consideration, and is in full force and effect.

134.    Plaintiff performed all of its duties and obligations under the 2019 License Agreement.

135.    Illinois law implies a covenant of good faith and fair dealing with respect to the conduct of the parties to a contract, which obligated Alpha UK to act in good faith and deal fairly and honestly with respect to any matters pertaining to the 2019 License Agreement for which it was left discretion.

136.    Notwithstanding Plaintiff's performance of its duties and obligations under the 2019 License Agreement, Alpha UK breached the 2019 License Agreement and/or the implied covenant of good faith and fair dealing in several ways, including by (i) using the ONE YEAR Marks to publish, sell, and/or distribute goods or services under the infringing BIBLE IN ONE YEAR Marks other than for the limited purposes of the BIBLE IN ONE YEAR mobile app and website, (ii) distributing its UK-published BIBLE IN ONE YEAR product into the United States via Amazon and/or by other means of distribution, (iii) filing the BIBLE IN ONE YEAR Applications, and (iv) failing to provide the credit/acknowledgement to Tyndale as required by Section III of the 2019 License Agreement.

137.    As a result of Alpha UK's knowing, deliberate, and willful breach of the 2019 License Agreement, Plaintiff has been irreparably harmed.  Plaintiff has no adequate remedy at law.

138.    Plaintiff is entitled to, among other relief, injunctive relief, and an award of actual damages.

## EIGTH CLAIM FOR RELIEF
### Unjust Enrichment (Alpha UK) (Pled in the Alternative)

139.    Plaintiff repeats and realleges paragraphs 1 through 83 hereof, as if fully set forth herein.

140.    In the alternative to the Sixth Claim for Relief, in the event the Court were to find that the 2019 License Agreement entered into by Tyndale and Alpha UK were invalid or unenforceable, Tyndale pleads the following.

141.    Plaintiff signed the 2019 License Agreement based on Alpha UK's misrepresentations that its aims for BIBLE IN ONE YEAR were purely missional, that it would not compete with Tyndale's ONE YEAR brand, that it would limit its use of the BIBLE IN ONE YEAR Marks to the mobile app and website, and that it would not take any action to harm the ONE YEAR brand.

142.    However, notwithstanding these commitments, Alpha UK has since (i) used the ONE YEAR Marks to publish, sell, and/or distribute goods or services under the infringing BIBLE IN ONE YEAR Marks other than for the limited purposes of the BIBLE IN ONE YEAR mobile app and website, (ii) distributed its UK-published BIBLE IN ONE YEAR product into the United States via Amazon and/or by other means of distribution, (iii) filed the BIBLE IN ONE YEAR Applications, and (iv) failed to provide the credit/acknowledgement to Tyndale required by Section III of the 2019 License Agreement.

143.    Alpha UK has unjustly retained substantial benefit from trading off Tyndale's goodwill in the ONE YEAR Marks.

144.    Alpha UK's retention of the foregoing benefits is to Tyndale's detriment, and Alpha UK's retention of such benefits violate the fundamental principles of justice, equity, and good conscience.

145.    As a result of Alpha UK's misconduct, Plaintiff has been irreparably harmed. Plaintiff has no adequate remedy at law.

146.    Plaintiff is entitled to, among other relief, injunctive relief, and an award of actual damages.

**NINTH CLAIM FOR RELIEF**
**Unjust Enrichment (Alpha USA and Alpha IP USA)**

147.    Plaintiff repeats and realleges paragraphs 1 through 83 hereof, as if fully set forth herein.

148.    Alpha UK made misrepresentations to Tyndale that its aims for BIBLE IN ONE YEAR were purely missional, that it would not compete with Tyndale's ONE YEAR brand, that it would limit its use of the BIBLE IN ONE YEAR Marks to the mobile app and website, and that it would not take any action to harm the ONE YEAR brand.

149.    However, notwithstanding these commitments, Alpha UK has since (i) used the ONE YEAR Marks to publish, sell, and/or distribute goods or services under the infringing BIBLE IN ONE YEAR Marks other than for the limited purposes of the BIBLE IN ONE YEAR mobile app and website, (ii) distributed its UK-published BIBLE IN ONE YEAR product into the United States via Amazon and/or by other means of distribution, (iii) filed the BIBLE IN ONE YEAR Applications, and (iv) failed to provide the credit/acknowledgement to Tyndale required by Section III of the 2019 License Agreement.

150.    Defendants Alpha USA and Alpha IP USA have unjustly retained substantial benefit from Alpha UK's misconduct, including in trading off Tyndale's goodwill in the ONE YEAR Marks.

151.    Retention of the foregoing benefits by any of Defendants Alpha USA and/or Alpha IP USA is to Tyndale's detriment, and the retention of such benefits violate the fundamental principles of justice, equity, and good conscience.

152.    As a result of Defendants Alpha USA and Alpha IP USA's misconduct, Plaintiff has been irreparably harmed.  Plaintiff has no adequate remedy at law.

153.    Plaintiff is entitled to, among other relief, injunctive relief, and an award of actual damages.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all matters and issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tyndale House Ministries respectfully requests that this Court enter a Judgment and Order in its favor and against Defendants as follows:

A.    Declaring that Defendants have violated Section 32 of the Lanham Act, Section 43(a) of the Lanham Act and Section 43(c) of the Lanham Act.

B.    Declaring that Defendants have violated Illinois common law trademark infringement and the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510/1 *et seq*.).

C.    Granting an injunction permanently enjoining the Defendants, their respective employees, agents, officers, directors, trustees, attorneys, successors, affiliates, subsidiaries, and assigns, and all those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a.    engaging in any activity that infringes Plaintiff's ONE YEAR Marks, including but not limited to, ceasing all display, distribution, promotion, sale, offer for sale and/or use of any and all materials that feature or bear any designation or mark comprising of or incorporating the BIBLE IN ONE YEAR Marks or any other mark that is a

counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the ONE YEAR Marks, and to immediately remove them from public access and view.

b. injuring Plaintiff's business reputation and goodwill associated with the ONE YEAR Marks and from otherwise unfairly competing, directly or indirectly, with Plaintiff;

c. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendants;

d. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the infringing BIBLE IN ONE YEAR Marks or any other mark that infringes or is likely to be confused with the ONE YEAR Marks, or any goods and services of Plaintiff, or Plaintiff as their source;

e. engaging in any activity that is likely to dilute the distinctiveness of or tarnish Plaintiff's ONE YEAR Marks; and

f. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (e).

D.      Granting such other and further relief as the Court may deem proper to prevent the public from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's goods and services.

E.      Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

F.      Directing that Defendants account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

G.      Awarding Plaintiff punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement.

H.      Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and willful pursuant to 815 ILCS § 510/3 and awarding Plaintiff its costs and reasonable attorney's fees thereunder (15 U.S.C. § 1117(a); 815 ILCS § 510/3).

I.      Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

J.      Awarding such other and further relief as the Court deems just and proper.

Dated: September 29, 2023

Respectfully submitted,

Castañeda + Heidelman LLP

*/s/ Ryan K. June*

Ryan K. June
Joshua J. Heidelman
145 S. Wells Street, Suite 1800
Chicago, Illinois 60606
(312) 530-7646
ryan@ch-llp.com
josh@ch-llp.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TYNDALE HOUSE MINISTRIES, | |
| Plaintiff, | Case No. _____ |
| v. | Judge _____ |
| ALPHA INTERNATIONAL, ALPHA INTERNATIONAL USA, INC., and ALPHA INTERNTIONAL USA IP, LLC, | **COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL** |
| Defendants. | |

**COMPLAINT EXHIBIT LIST**

| EXHIBIT | DESCRIPTION |
|---|---|
| A | TYNDALE INTELLECTUAL PROPERTY REGISTRATIONS AND RIGHTS IN THE ONE YEAR MARKS |
| B | 2019 LICENSE AGREEMENT BETWEEN TYNDALE AND ALPHA UK |
| C | ALPHA UK'S BIBLE IN ONE YEAR APPLICATIONS, INCLUDING THE USPTO TESS RECORDS FOR THE SAME |
| D | ALPHA'S BIBLE IN ONE YEAR WEBSITE |
| E | EVIDENCE OF ACTUAL CONFUSION BETWEEN THE ONE YEAR MARKS AND THE BIBLE IN ONE YEAR MARKS |
| F | WHOIS RECORD FOR THE DOMAIN NAME AS OF MARCH 19, 2023 |

37